**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

Martin Teresko and Direct Discount Outdoors, LLC,

Plaintiffs,

v.

Lamar Advertising Company,

Defendant.

Case No. ____________

Hon.

**NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION**

______________________________________________/

FROST LAW FIRM
By: John J. Frost (P71389)
403 Broadway St.
South Haven, MI 49090
(269) 637-2000
Attorney for Plaintiffs
johnjamesfrost@gmail.com

BODMAN PLC
By: J. Adam Behrendt (P58607)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendant
jbehrendt@bodmanlaw.com

______________________________________________/

## NOTICE OF REMOVAL BASED ON DIVERSITY JURISDICTION

Defendant Lamar Advertising Company removes this action from the Circuit Court for the County of Van Buren, State of Michigan, to the United States District Court for the Western District of Michigan. In support of removal, defendant states:

### State Court Action

1. On December 8, 2011, plaintiff filed an action in the Van Buren County Circuit Court against defendant, captioned as Martin Teresko and Direct Discount Outdoors, LLC v. Lamar Advertising Company, Van Buren County Circuit Court Case No. 2011-61-636-CZ-H ("State Court Action").

2. Defendant received a copy of the complaint on December 8, 2011, but has not been served.

3. This action is removable to the Court under 28 U.S.C. § 1441(a), which provides that an action brought in state court of which the district courts have original jurisdiction may be removed to the district court and division embracing the place where such action is pending.

4. The Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, in that plaintiffs seek, among other claims of relief, damages and to invalidate a written lease agreement with an economic value to Lamar in excess of $75,000 and to take possession of billboards worth more than $75,000.

5. Plaintiffs were at the time of filing of the complaint, and are at the time of this notice of removal, citizens of the State of Michigan (although plaintiff Direct Discount Outdoors LLC is not in good standing).

6. Defendant was at the time of filing of the complaint and is at the time of this notice of removal a Delaware corporation with its principal place of business in the State of Louisiana.

**Procedural Requirements**

7. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely, as defendant filed this Notice of Removal within 30 days from the time it received a copy of the initial pleading.

8. **Exhibit A** contains copies of all process, pleadings, and orders in the State Court Action that have been received by defendant in accordance with 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(d), separate copies of this Notice are being sent to plaintiffs and filed with the Van Buren County Circuit Court in the State Court Action.

10. The undersigned has read this notice of removal and to the best of the undersigned's knowledge, formed after reasonable inquiry, it is well-grounded in fact, is warranted by existing law and is not interposed for any improper purpose. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Respectfully submitted,

BODMAN PLC

/s/ J. Adam Behrendt (P58607)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
Attorneys for Defendant
jbehrendt@bodmanlaw.com

December 13, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system; and

I hereby certify that on December 13, 2011, I mailed by United States Postal Service the foregoing papers to all that attorneys of record.

/s/ J. Adam Behrendt (P58607)
Bodman PLC
201 West Big Beaver Road
Suite 500
Troy, MI 48084
(248) 743-6000
Attorney for Defendant
jbehrendt@bodmanlaw.com

# EXHIBIT A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>36th JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2011- 61-636 - CZ - H |
|---|---|---|

Court address
212 Paw Paw St., Paw Paw, MI 49079

Court telephone no.
(269) 657-8200

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Martin Teresko and Direct Discount Outdoors, LLC<br>68357 Red Arrow Hwy.<br>Hartford, MI 49057 | v | Lamar Advertising Company<br>4898 S. Quarterline Rd.<br>Muskegon, MI 49444 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>John J. Frost (P71389)<br>403 Broadway St.<br>South Haven, MI 49090<br>269-637-2000 | | |

**SUMMONS** **NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 12-8-11 | 3-7-2012 | Tina Leary |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Hartford, Van Buren County, Michigan | Muskegon, Michigan |
| Place where action arose or business conducted<br>Hartford, Van Buren County, Michigan | |

12/08/2011
Date

[signature]
Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**SUMMONS AND COMPLAINT**
Case No. 2011- CZ

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______________________
List all documents served with the Summons and Complaint

______________________

______________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

______________________
Signature

______________________
Name (type or print)

______________________
Title

Subscribed and sworn to before me on ______________ , ______________ County, Michigan.
Date

My commission expires: ______________ Signature: ______________________
Date Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______________________

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with ______________________
Attachments

______________________ on ______________________
Day, date, time

______________________ on behalf of ______________________.
Signature

Frost Law Office • 403 Broadway St. • South Haven, MI 49090 • 269.637.2000

36th CIRCUIT COURT FOR THE STATE OF MICHIGAN
212 Paw Paw St., Paw Paw, MI 49079 (269)657-8200

MARTIN TERESKO

and

DIRECT DISCOUNT OUTDOORS, LLC
68357 Red Arrow Hwy.
Hartford, MI 49057

v.

LAMAR ADVERTISING COMPANY
4898 S. Quarterline Rd.
Muskegon, MI 49444

Case No.: CZ

Hon. Paul Hamre

**VERIFIED COMPLAINT FOR TRESSPASS, NUISANCE, UNJUST ENRICHMENT, QUIET TITLE, and REQUEST FOR INJUNCTIVE RELIEF**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

1. This is a civil action, seeking both monetary and equitable relief, and seeks a final determination in interest in land.

2. Plaintiffs, Martin Teresko and Direct Discount Outdoors, LLC, by their attorney, John J. Frost, state for their Complaint against Defendants, Lamar Advertising Company, as follows:

3. Plaintiffs Martin Teresko is a resident of Van Buren County, Michigan. Direct Discount Outdoors, LLC is a Michigan Corporation with its principal place of business in the State of Michigan, County of Van Buren.

4. Defendant, Lamar Advertising Company, is a Louisiana Corporation that does substantial business in the State of Michigan, County of Van Buren.

5. This matter concerns events that occurred in Van Buren County, Michigan, and property situated in Hartford Township Van Buren County, Michigan.

6. Plaintiffs are the owners of real property located in Hartford Township, Van Buren County, Michigan as of December 18, 2006, that property being conveyed and legally

described through and in the Warranty Deed signed on December 18, 2006, and recorded in Van Buren County Liber 1475, Page 172, attached hereto as **Exhibit A**.

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to Mich Const 1963, Art 6 § 3, MCL 600.605, MCR 2.605, MCR 3.310, and MCR 3.411.

8. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Michigan, County of Van Buren.

9. Venue is proper in that the property in dispute is located in Van Buren County, Michigan, and the contract in dispute was entered into in Van Buren County, Michigan.

10. Defendant claims to have a lease interest and easement on the Property through a "Sign Location Lease" it entered into with the prior owner of the property on December 19, 2006. Attached as **Exhibit B**.

11. The "Sign Location Lease" was entered into fraudulently, and has no force or bearing in law, in that it was entered into by Defendant with a third-party on December 19, 2006--after Plaintiffs were rightful owners of the Property with clear title.

12. Defendant continues to use and enter the Property in order to maintain its signs on the property, and generate revenue on the Property, against the express direction and interests of Plaintiffs.

13. Plaintiffs do not consent to the trespass and intrusion on their land by virtue of the continued ingress and egress of Defendant's upon the Property.

## COUNT I—TRESPASS

14. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

15. Defendant's unauthorized intrusion on and continued use of the Property constitutes a trespass.

16. Defendant's trespass was done intentionally, recklessly, and wantonly because Defendant knows or should have known that it has no right to enter on the Property.

17. Defendant's actions have caused damage to Plaintiffs, including, but not limited to, diminution in the value of the Property, Plaintiffs' loss of the use of same, and other damages associated with Defendants' trespass that flow naturally and consequentially from these actions.

## COUNT II—NUISANCE IN FACT

18. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

19. Defendant's unlawful entry and continued use of the Property unreasonably interferes with Plaintiff's use and enjoyment of the Property.

20. Defendant's intrusion on and construction on the Property constitutes a nuisance in fact, interfering with Plaintiffs' right to the use and quiet enjoyment of their land.

21. The aforementioned unlawful activities have directly and proximately caused Plaintiffs substantial damage, including diminution of the value of their property, loss of enjoyment of Plaintiffs' possessive property, loss of business opportunity, loss of revenue, and other damages that flow naturally and consequentially from Defendant's actions.

## COUNT III—ACTION TO DETERMINE INTEREST IN LAND (QUIET TITLE)

22. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

23. Plaintiffs are the fee owners to the Property, as set forth above.

24. Defendant ostensibly claims some interest in part of the Property, as evidenced by Defendant's intrusion on and constructions of improvement on part of the Property.

25. Defendant's ostensible claim to part of the Property is without any right whatever, and Defendant has no right, estate, title, lien, easement, or other interest in or to the Property or any part thereof.

## COUNT IV--UNJUST ENRICHMENT

26. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

27. Defendant has received the benefit of payments for the leasing of signs upon Plaintiffs' Property which should have been paid to Plaintiff.

28. Plaintiffs have suffered an inequity as a result of Defendant's retention of the benefit.

## COUNT V--INJUNCTIVE RELIEF

29. Plaintiffs restate and incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

30. The actions of Defendant are injuring Plaintiff in that Plaintiff is not able to derive income from his property due to Defendant's continued use of the Property against Plaintiffs' interests.

Wherefore, Plaintiffs respectfully request that this honorable court:

a. schedule a Hearing as soon as practically possible, and enter judgment that Defendant, and any persons claiming under Defendant, be Temporarily enjoined from entering onto, asserting any claim to, or deriving any income from Plaintiffs' property pending final resolution of this matter;

b. enter Judgment in favor of Plaintiffs and against Defendant for all actual damages to which they may be entitled, and for treble damages pursuant to MCL 600.2919(a);

c. Order that Defendant, and any persons claiming under Defendant, be required to set forth the nature of their claims to the Property;

d. Order that all adverse claims to the Property be determined by a decree of this Court;

e. Decree, declare, and adjudge that Plaintiffs own in fee simple, and are entitled to the quiet and peaceful possession of the Property, and that Defendant and all persons claiming under Defendant have no estate, right, title, lien, easement, or interest in or to the Property or any portion thereof;

f. Permanently enjoin Defendant and all persons claiming under Defendant from asserting any adverse claim to Plaintiffs' title to the Property, and to abate the nuisance; and

    g. Award to Plaintiffs the costs of this action, including attorney's fees, and such other and further relief as this Court deems just and appropriate.

I declare that the statements in this Complaint are true to the best of my knowledge, information, or belief.

Dated: 12/8/2011

Martin Teresko
In his individual capacity, and as authorized representative for Direct Discount Outdoors, LLC

John J. Frost (P71389)

# Exhibit A

I certify that, as to the [illegible] herein described, there are no tax liens or titles held by the state or any individual against the lands for five years [illegible] Karen Makay 12-28-06

## WARRANTY DEED

Title and Survey Examination Not Requested

The Grantor, MARGARET S. TEETERS, a single woman, survivor of Billy E. Teeters and Margaret S. Teeters, husband and wife, (Death Certificate of Billy Eugene Teeters recorded in Liber 1146 page 121, Van Buren County Records), conveys and warrants to DIRECT DISCOUNT OUTDOORS, LLC, a Michigan limited liability company, whose address is 62357 Red Arrow Highway, Hartford, Michigan 49057, the following described premises situated in the Township of Hartford, County of Van Buren, and State of Michigan:

PARCEL I: Commencing at the West Quarter post of Section 21, Town 3 South, Range 16 West, according to the government survey thereof, thence South on the West line of said Section 158 feet, thence East 320 feet, thence South parallel with said West Section line to the Northerly line of Highway I-94, thence Easterly on same to its intersection with the North and South Quarter line of said Section 21, thence North on the North and South Quarter line to the East and West Quarter line of said Section 21, thence West on same to beginning. EXCEPT: Commencing at the West Quarter corner of said Section 21, Town 3 South, Range 16 West; thence South 158.00 feet along the West line of said Section; thence South 89° 50' 30" East parallel with the East and West Quarter of said Section 551.60 feet; thence North 158.00 feet to said Quarter line; thence North 89° 50' 30" West along said Quarter line 551.60 feet to the place of beginning.

PARCEL II: Beginning 158 feet South of the Northwest corner of the Southwest Quarter of Section 21, Town 3 South, Range 16 West, thence South on Section line 133 feet, thence East 320 feet, thence North 133 feet, thence West 320 feet to beginning.

For the sum of TWO HUNDRED TWENTY-FIVE THOUSAND AND NO/100 ($225,000.00) DOLLARS.

Subject to easements and building and use restrictions of record and further subject to all taxes and special assessments which shall hereafter become due and payable.

The Grantor reserves unto herself a LIFE ESTATE with respect to the income from any and all commercial billboard signage for and during the lifetime of the Grantor located on the premises described above, the rental income including any and all current and future billboard contracts. During such period of time as the Grantor shall have a life estate in said commercial billboard signage she shall have the duty to pay all taxes and special assessments assessed as a direct result of placement and income from any commercial billboard signage.

The Grantor grants to the Grantee the right to make all divisions under Section 108 of the Land Division Act, Act No. 288 of the Public Acts of 1967. This property may be located within the vicinity of farmland or a farm operation. Generally accepted agricultural and management practices which may generate noise, dust, odors, and other associated conditions may be used and are protected by the Michigan Right to Farm Act.

Dated this 18th day of December, 2006.

Margaret S. Teeters
MARGARET S. TEETERS

L-1475 Pg-172

STATE OF MICHIGAN )
)SS.
COUNTY OF BERRIEN )

The foregoing instrument was acknowledged before me this 18 day of December, 2006, by MARGARET S. TEETERS, to me known to be the same person described in and who executed the within instrument, who acknowledged the same to be her free act and deed.

Linda A. Nelson

LINDA A. NELSON
Notary Public, State of Michigan
Acting in County of Berrien
My Commission Expires Nov. 8, 2012

Notary Public,
Berrien County, Michigan
Acting in: Berrien County, Michigan
My Commission Expires:________

Drafted by:
JAMES J. RIEMLAND
BITTNER, HYRNS, DALY & RIEMLAND, P.C.
810 Ship Street, P.O. Box 290
St. Joseph, MI 49085
(269)983-0551

# Exhibit B

LAMAR OCI North Corporation

This Instrument Prepared by: Renewal

-CO-151
James R. McIlwain
5551 Corporate Boulevard
Baton Rouge, Louisiana 70808

Lease #70310
Panel #70330,70331,70320
70321,70310,70311

James R. McIlwain

# SIGN LOCATION LEASE

THIS LEASE AGREEMENT, made this 6th day of December, 2006, by and between:

Margaret Teeters

(hereinafter referred to as "Lessor") and Lamar OCI North Corporation (hereinafter referred to as "Lessee"), provides

## WITNESSETH

"LESSOR hereby leases to LESSEE, it successors or assigns, as much of the hereinafter described lease premises as may be necessary for the construction, repair and relocation of an outdoor advertising structure ("sign"), including necessary structures, advertising devices, utility service, power poles, communications devices and connections, with the right of access to and egress from the sign by LESSEE'S employees, contractors, agents and vehicles and the right to survey, post, illuminate and maintain advertisements on the sign, and to modify the sign to have as many advertising faces, including changeable copy faces or electronic faces, as are allowed by local and state law, and to maintain telecommunications devices or other activities necessary or useful in LESSEE'S use of the sign. Any discrepancies or errors in the location and orientation of the sign are deemed waived by LESSOR upon LESSOR's acceptance of the first rental payment due after the construction of the sign.

The Premises are a portion of the property located in the County/Parish of Hartford/MI State of Michigan, more particularly described as:

### N/S I-94 West of Exit 46

1. This Lease shall be for a term of twenty (20) years commencing on the first day of the calendar month following the date of completion of construction of the sign, or, if this is a renewal Lease, the term and payments begin 01/01/2007 ("commencement date").

LESSEE may renew this Lease, for an additional term, of equal length, on the same terms and conditions. Said renewal term shall automatically go into effect unless LESSEE shall give to LESSOR written notice of non-renewal at least sixty (60) days prior to the expiration of the original term

2. LESSEE shall pay to LESSOR an annual rental of Dollars, payable yearly in advance in equal installments of one each, with the first installment due on the first day of the month following commencement. Rent shall be considered tendered upon due mailing or attempted hand delivery during reasonable business hours at the address designated by LESSOR, whether or not actually received by LESSOR. Should LESSEE fail to pay rent or perform any other obligation under this lease within thirty (30) days after such performance is due, LESSEE will be in default under the lease. In the event of such default, LESSOR must give LESSEE written notice by certified mail and allow LESSEE thirty (30) days thereafter to cure any default.

3. LESSOR agrees not to erect or allow any other off-premise advertising structure(s), other than LESSEE's, on property owned or controlled by LESSOR within two thousand (2000) feet of LESSEE's sign or to erect or allow any other obstruction of highway view or any vegetation that may obstruct the highway view of its sign. LESSEE is hereby authorized to remove any such other advertising structure, obstruction or vegetation at its option.

4. LESSEE may terminate this lease upon giving thirty (30) days written notice in the event that the sign becomes entirely or partially obstructed in any way or in LESSEE's opinion the location becomes economically or otherwise undesirable. If LESSEE is prevented from constructing or maintaining a sign at the premises by reason of any final governmental law, regulation, subdivision or building restriction, order or other action, LESSEE may elect to terminate this lease. In the event of termination of this Lease prior to expiration, LESSOR will return to LESSEE any unearned rentals on a pro rata basis.

5. All structures, equipment and materials placed upon the premises by the LESSEE or its predecessor shall remain the property of LESSEE and may be removed by LESSEE at any time prior to or within a reasonable time after expiration of the term hereof or any renewal. At the termination of this lease, LESSEE agrees to restore the surface of the premises to its original condition. The LESSEE shall have the right to make any necessary applications with, and obtain permits from, governmental bodies for the construction and maintenance of LESSEE's sign, at the sole discretion of LESSEE. All such permits and any nonconforming rights pertaining to the premises shall be the property of LESSEE.

6. LESSOR represents that he is the owner or lessee under written lease of the premises and has the right to make this agreement and to grant LESSEE free access to the premises to perform all acts necessary to carry on LESSEE's business

[illegible] of the new owner, and LESSOR further agrees to give the new owner formal written notice of the existence of this lease and to deliver a copy thereof to such new owner at or before closing. In the event that **LESSEE** assigns this lease, assignee will be fully obligated under this Lease and **LESSEE** will no longer be bound by the lease. This lease is binding upon the personal representatives, heirs, executors, successors, and assigns of both **LESSEE** and **LESSOR**.

8. In the event of condemnation of the subject premises or any part thereof by proper authorities, or relocation of the highway, the **LESSOR** grants to the **LESSEE** the right to relocate its sign on **LESSOR**'s remaining property adjoining the condemned property or the relocated highway. Any condemnation award for **LESSEE**'s property shall accrue to **LESSEE**.

9. **LESSEE** agrees to indemnify **LESSOR** from all claims of injury and damages to **LESSOR** or third parties caused by the installation, operation, maintenance, or dismantling of **LESSEE**'s sign during the term of this lease and to repair any damage to the premises or property at the premises resulting from the installation, operation, maintenance, or dismantling of the sign, less ordinary wear and tear.

10. **LESSOR** agrees to indemnify **LESSEE** from any and all damages, liability, costs and expenses, including attorney's fees, resulting from any inaccuracy in or nonfulfillment of any representation, warranty or obligation of **LESSOR** herein.

11. If **LESSOR** desires to sell or otherwise transfer any interest in the property upon which the sign is situated, **LESSOR** grants **LESSEE** an option to purchase a perpetual easement (servitude) encompassing the sign and the access, utility service and visibility rights set forth herein. **LESSEE** must elect to exercise this option within thirty (30) days after written notification of **LESSOR**'s desire to sell. **LESSEE**'s failure to exercise this option within said period shall be a waiver of this option. The price for such easement (servitude) shall be six (6) times the previous Lease year's annual rental paid by **LESSEE** pursuant to the terms hereof. Closing shall be within thirty (30) days of **LESSEE**'s exercise of this option.

12. Prior to **LESSEE** removing its sign, and for five (5) years after such removal, **LESSOR** grants **LESSEE** a first right of refusal to match any bona fide agreement of **LESSOR** with a third party for the purpose of permitting off-premise outdoor advertising on any portion of the leased premises. **LESSEE** has seven (7) days after **LESSOR** provides to **LESSEE** a copy of such agreement executed by such third party to match the terms of such agreement.

Lamar OCI North Corporation, **LESSEE**:

BY: [signature]

VICE-PRESIDENT/GENERAL MANAGER

DATE: 12/19 2006

**LESSOR**:

BY: Margaret Pelton

BY: ____________________

DATE: 12/13/06

269-621-5548
LESSOR'S TELEPHONE NUMBER

on file
LESSOR'S SOCIAL SECURITY NUMBER

Address of **LESSEE**:

Lamar Advertising Company
4898 S. Quarterline Rd
Muskegon, MI 49444

Address of **LESSOR**:

62581 66th Street

Hartford, MI 49057

Witnesses (**LESSEE**)

____________________

____________________

Witnesses (LESSOR)

____________________

____________________

Approved, SCAO

Original - Court file
1st copy - Assignment clerk/Extra
2nd copy - Friend of the court/Extra
3rd copy - Opposing party
4th copy - Moving party

| STATE OF MICHIGAN<br>36th JUDICIAL CIRCUIT<br>JUDICIAL DISTRICT<br>Van Buren COUNTY | NOTICE OF HEARING AND MOTION | CASE NO.<br>2011-<br>Hon. Paul E. Hamre |
|---|---|---|

Court address
212 Paw Paw St., Paw Paw, MI 49079

Court telephone no.
(269) 657-8200

| Plaintiff name(s) | | Defendant name(s) |
|---|---|---|
| Martin Teresko and Direct Discount Outdoors, LLC | v | Lamar Advertising Company |
| Plaintiff's attorney, bar no., address, and telephone no.<br>John J. Frost P71389<br>403 Broadway St.<br>South Haven, MI 49090<br>(269) 637-2000 | | Defendant's attorney, bar no., address, and telephone no. |

## NOTICE OF HEARING

1. Motion title: Motion for Preliminary Injunction
2. Moving party: Martin Teresko and Direct Discount Outdoors, LLC
3. This matter has been placed on the motion calendar for:

| Judge | Bar no. | Date | Time |
|---|---|---|---|
| Hon. Paul E. Hamre | P32636 | 12/19/2011 | 2:15 pm |
| Hearing location<br>☑ Court address above ☐ | | | |

4. If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

## MOTION

Motion for Preliminary Injunction

1. An action has been instituted between Plaintiff and Defendant, and an Order granting injunctive relief is necessary to avoid continued harm to Plaintiffs, as described in the Complaint and Prayer for Relief.
2. This Motion is supported by the facts of the Verified Complaint which accompanies it.

12/8/2011
Date

[signature]
Signature

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this notice of hearing and motion on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined by MCR 2.107(C)(3).

12/8/2011
Date

[signature]
Signature